UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
STEVEN W. GELISH,                                                :
                                                                 :
                                          Plaintiff,             :
                                                                 :      MEMORANDUM & ORDER
                     -against-                                    :
                                                                 :      No. 1:26-cv-01534 (ENV) (JAM)
RETRO PREDECESSORS 2014 ONTO                                      :
CURRENT U.S.A. GOVERNMENTS                                        :
ADMINISTRATIONS LOWER CHAIN OF                                    :
COMMAND/ASSESSORS; DEPARTMENT OF                                  :
JUSTICE EDNY US ATTORNEY OFFICE,                                  :
                                                                 x
                                          Defendants.
-------------------------------------------------------------

VITALIANO, D.J.

Pro se plaintiff Steven W. Gelish filed this action pursuant to 42 U.S.C. § 1983. The Court

grants Gelish's request to proceed in forma pauperis ("IFP"), see Dkt. 2, and denies his request

for a temporary restraining order. See Dkt. 3. For the reasons discussed below, the complaint is

dismissed.

Background

Gelish's complaint is sixty-five pages long, and the substance of the complaint is difficult

to discern. Gelish claims he faces "blatant intimidation, arbitrary interference of Electronic

warfare Electronic RICO-TERRORISM violations with [his] personal devices . . . via a satellite

transceiver." See Compl., Dkt. 1, at 5. He also states that federal prosecutors have "received

terrorism, electronic espionage, unlawful invasion of privacy, interference with communications,

and suppression of financial and personal liberty interests without warrant or due process via cyber

R.I.C.O.-TERRORISM via Pentagon Satellite." Id. at 6. He appears to seek declaratory and

injunctive relief. Id. at 4.

1

Legal Standard

On a motion to dismiss a complaint for failure to state a claim, a court asks "whether the complaint's factual allegations, if taken as true, 'state a claim to relief that is plausible on its face.'" *Berk v. Choy*, 607 U.S. 187, 193, 146 S. Ct. 546, 553, 223 L. Ed. 2d 463 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit

the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

Discussion

The allegations in Gelish's complaint lack any basis in fact and do not withstand legal scrutiny. "An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Even giving the most liberal construction to Gelish's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), the Court cannot find that a cause of action has been alleged. Accordingly, the Court finds that Gelish's complaint lacks any arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Jiang v. Queens Pub. Libr. at Flushing*, No. 24-cv-6325 (NRM) (SDE), 2025 WL 2783464, at *2 (E.D.N.Y. Sept. 30, 2025) (noting that, given the implausibility of the plaintiff's allegations, the action could not proceed); *Taylor v. Securus Techs., Inc.*, No. 25-cv-1416 (PKC) (LKE), 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025) (dismissing the complaint as frivolous due to the implausibility of the plaintiff's allegations);

3

*Williams v. Combs*, No. 25-cv-3521 (PKC) (JRC), 2025 WL 1920368, at *2 (E.D.N.Y. July 11, 2025) (same); *Lewis v. United States*, No. 24-cv-2503 (PKC) (TAM), 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous upon finding that the allegations were nonsensical and failed to present a cognizable claim).

The Court additionally declines to grant Gelish the opportunity to amend. Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). But a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011). Given the baselessness of Gelish's claims, the Court concludes that granting leave to amend would be futile and therefore declines to do so.

Conclusion

For the foregoing reasons, plaintiff's request for a temporary restraining order is denied and the motion to dismiss filed by defendants is granted with prejudice.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this memorandum and order to plaintiff, and to close this case.

So Ordered.

Dated:    Brooklyn, New York

    May 15, 2026

/s/ Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge